O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| RANCH ROCK CORPORATION, | Case No. 2:14-cv-03453-ODW(RZx) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION** |
| ALLSTATE ENGINEERING; WESTERN SURETY COMPANY; DOES 1–25, inclusive, | |
| Defendants. | |
| ALLSTATE ENGINEERING, | |
| Counterclaimant, | |
| v. | |
| RANCH ROCK CORPORATION, | |
| Counterdefendant. | |

On May 5, 2014, Plaintiff and Counterdefendant Ranch Rock Corporation removed this action to this Court under 28 U.S.C. § 1441(a),[1] ostensibly invoking federal-question jurisdiction under 28 U.S.C. § 1331. Ranch Rock argues that removal is proper because Defendant and Counterclaimant Allstate Engineering's

---

[1] Ranch Rock actually states that its basis for removal is § 1441(b). (Not. of Removal ¶ 6.) But that subsection refers to removal based on diversity jurisdiction, which is not at issue here.

counterclaim may arise under or involve interpretation of the Miller Act, 40 U.S.C. § 3131–34. The Act provides that a civil action brought under its provisions "must be brought . . . in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." § 3133(b)(3)(B).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a suit filed in state court only if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

But as a counterdefendant, Ranch Rock is not a "defendant" that may properly remove a civil action to federal court. As the Ninth Circuit noted, "Since *Shamrock Oil,* the law has been settled that a counterclaim defendant who is also a plaintiff to the original state action may not remove the case to federal court." *Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941) (holding that Congress's omission of the phrase "either party" in the removal statute that preceded § 1441 manifested Congress's intent to preclude removal by parties other than the original state-court defendants). The Ninth Circuit has even extended this prohibition against counterdefendant removal to the more federal-court-friendly Class Action Fairness Act. *Id.* at 807.

Since Ranch Rock improperly removed the action to this Court as a counterdefendant, the Court finds that it lacks subject-matter jurisdiction. The Court

therefore **REMANDS** this action to Santa Barbara County Superior Court, case number 1456546. The Clerk of Court shall close this case.

    **IT IS SO ORDERED.**

May 13, 2014

                    _____
                            **OTIS D. WRIGHT, II**
                      **UNITED STATES DISTRICT JUDGE**

```
cc: order, docket, remand letter to
Santa Barbara County Superior Court,
Cook Division, Santa Maria, CA.  No. 1456546
```